UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Elbert VanHoose, Sr., | ) C/A No. 4:13-1573-RBH-KDW |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Patricia Singleton Parr; Jennefer Floyd; Gay Allen Cook, and Michael Bell, | ) |
| Defendants. | ) |

This is a civil action filed pro se by a local detention center detainee. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Thomas Elbert VanHoose, Sr. ("Plaintiff") is a pretrial detainee at Florence County Detention Center ("FCDC"), facing first-degree criminal sexual conduct charges in a case in which he was charged and arrested by warrant on March 23, 2012. Compl. 4, ECF No. 1; *see also* ECF No. 15 (Answers to Special Interrogatories). As his most recent correspondence with this court indicates, FCDC is his return address; he remained housed there at least as of August 22, 2013. *See* ECF No. 15-2.

Plaintiff submitted a Complaint alleging he is being wrongly detained because there are

serious questions as to the veracity of the evidence being used against him, the alleged failure of law enforcement to properly and fully investigate, and the length of time it is taking for him to be brought to trial. Compl. 2, ECF No. 1. Plaintiff avers that the investigating law enforcement officer relied on falsified evidence that was obtained from complaining witnesses who spoke to a forensic counselor under duress; that the alleged complainants have recanted, although no change was made to the prosecution by the Solicitor or by his court-appointed defense counsel; and that the trial judge before whom the state criminal case is pending allowed Plaintiff's speedy trial period to run. *Id*. at 4-5. Plaintiff seeks compensatory damages and injunctive relief in the form of an immediate trial or dismissal of the pending charges. *Id*. at 6.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.

2

3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

To the extent that Plaintiff requests injunctive relief from this court against the participants in his pending state criminal case, this case is barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. *Younger* and other similar cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger*, 401 U.S. at 44; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).

In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits the court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also*

*D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587-88 (4th Cir. 1969) (federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same).

Plaintiff is not foreclosed from raising what appears to be a "speedy trial" objection and objections to the credibility and admissibility of certain prosecution evidence. He can have such objections considered and ruled on in his on-going state criminal prosecution by the state court judge. This court cannot remove the authority to rule on such an objection from the state court, which controls Plaintiff's state criminal case. In addition, this court is not permitted to grant injunctive relief of the sort Plaintiff here requests: an expedited trial or release from incarceration and confinement. As stated above, the court cannot enjoin an ongoing state court proceeding. *See Younger*, *Cinema Blue*, and *Bonner*.

Plaintiff also seeks damages from Defendants allegedly arising from his continued incarceration and based on their involvement in the post-arrest investigation and prosecution of the now-pending state criminal charges. Compl. 6, ECF No. 1. From the face of Plaintiff's Complaint, the court could not determine whether Plaintiff was arrested pursuant to an arrest warrant. In response to the court's inquiry, Plaintiff indicated arrest warrants were issued in his case and provided copies of the arrest warrants. *See* Pl.'s Answers to Ct.'s Special Interrogs., ECF No. 15; Warrants, ECF No. 15-2. This information informs the court's characterization of Plaintiff's claims concerning his continued incarceration as either claims for false arrest or malicious prosecution.[1]

---

[1]There is no independent case of action for malicious prosecution under § 1983. A "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Lambert v.*

4

To state a claim for false arrest under § 1983, a plaintiff must allege that the arrest was made without a facially valid arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (holding a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant). In contrast, a claim that one is wrongly detained because his arrest was made pursuant to a warrant that was not supported by probable cause, is one for malicious prosecution. *See Porterfield*, 156 F.3d at 568 (noting arrest pursuant to facially valid warrant could support "at most" a cause of action for malicious prosecution). In other words, a false imprisonment cause of action is one for detention in the absence of process; a malicious prosecution cause of action is brought when detention is based on the "*wrongful* institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (emphasis in original).

In this case, Plaintiff's Complaint concerns matters relating to incarceration and prosecution of his criminal action subsequent to Defendants' obtaining a warrant. Such claims for damages are subject to summary dismissal because no right of action has accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a complaint for damages under § 1983 must be dismissed if a judgment in the plaintiff's favor would necessarily imply the invalidity of his underlying conviction or sentence. *Id*. The malicious prosecution claim is subject to summary dismissal because a right of action has not accrued.

As the *Heck* Court held*:*

We hold that, in order to recover damages for allegedly unconstitutional conviction

---

*Williams*, 223 F.3d 257, 261 (4th Cir. 2000). When the court discusses Plaintiff's claim of "malicious prosecution" herein, it references this Fourth Amendment/malicious-prosecution-type of claim.

> or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

Plaintiff has made no allegation that the charges against him have been dismissed or otherwise ended in his favor; thus, under *Heck* he cannot collect damages for any perceived constitutional deprivation pertaining to his alleged Fourth-Amendment-unreasonable-seizure/malicious prosecution-type claims brought pursuant to 42 U.S.C. § 1983. As such, those claims are barred until such time as the pending charges are disposed of in a manner favorable to Plaintiff, either through a pre-conviction dismissal of the charges, an acquittal, or by way of a successful post-conviction proceeding such as appeal, post-conviction relief, or federal writ of habeas corpus. *See Heck,* 512 U.S. at 486-87; *McCormick v. Wright,* C/A No. 2:10-00033-RBH, 2010 WL 565303, *3 (D.S.C. Feb.17, 2010) ("Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature.").

The court notes that Plaintiff's allegations of wrongdoing by law enforcement and other trial participants, if true, would necessarily invalidate any conviction that might be obtained against him and are claims for consideration by the state court. Unless and until Plaintiff is acquitted or successfully appeals and overturns any conviction that might result in the state case, he cannot sue

any of the Defendants he has named for damages based on their involvement in his pending state prosecution. As a result, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

### **RECOMMENDATION**

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

*[signature: Kaymani D. West]*

September 9, 2013  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).